UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN W. PINKSTON,

       Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
_____/

Case No. 13-CV-10315

HON. MARK A. GOLDSMITH

## ORDER DISMISSING THE CASE WITHOUT PREJUDICE

Upon the Court's own review of the docket in this matter, the Court concludes that dismissal of Plaintiff's complaint without prejudice is warranted because Plaintiff has failed to prosecute his case and has failed to meet his obligations under the Local Rules and this Court's scheduling order.

Local Rule 11.2 states, in pertinent part, that

> every party not represented by an attorney must include his or her contact information . . . on the first paper that person files in a case. If there is a change in the contact information, that person promptly must file and serve a notice with the new contact information. The failure to file promptly current contact information may subject that person or party to appropriate sanctions, which may include dismissal . . . .

L.R. 11.2. Additionally, in cases where a plaintiff fails to prosecute his case, the Court has inherent authority to dismiss an action for lack of prosecution, so that the Court can ensure the orderly and expeditious disposition of cases. Link v. Wabash R. Co., 370 U.S. 626, 629-632 (1962).

Here, Plaintiff is not represented by an attorney and listed his contact information on his complaint, the first document he filed with the Court. Compl. at 2 (Dkt. 1). After the Court

issued a scheduling order, see 8/8/13 Order (Dkt. 11), Plaintiff did not file a motion for summary judgment, which was due on October 15, 2013, but instead filed a notice of change of address. See 10/15/13 Notice (Dkt. 12). The Court then issued an order, extending the motion deadline until November 20, 2013, and warning Plaintiff that failure to comply with the order could result in dismissal of his case. 10/22/13 Order (Dkt. 13). The deadline came and went and, now, approximately six months later, Plaintiff still has not filed a motion or any other document.

On March 20, 2014, the case was reassigned from Magistrate Judge Michelson to Magistrate Judge Whalen, see 3/20/14 Text-Only Order, but the order of reassignment, which was mailed to Plaintiff, was returned because the order was undeliverable; there was no known forwarding address for Plaintiff. See 3/28/14 Notice (Dkt. 14). On May 13, 2014, the case was reassigned from Magistrate Judge Whalen to Magistrate Judge Binder, see 5/13/14 Text-Only Order, but this order of reassignment, which was mailed to Plaintiff, was also returned as undeliverable. 5/23/14 Notice (Dkt. 15).

Plaintiff has failed to comply with the Court's scheduling order, failed to heed the Court's warning about prosecuting his case, and has failed to file promptly his current contact information. Given that several months have passed since Plaintiff has done anything in the case, the Court determines that dismissal without prejudice is proper. Link, 370 U.S. at 629-630. The Court should not be prejudiced by the clogging of its docket with cases that are not progressing, and Defendant should not have to monitor an open file that Plaintiff has apparently abandoned. Given that Plaintiff's whereabouts are unknown, a lesser sanction than dismissal without prejudice would not be effective.

Accordingly, Plaintiff's complaint is dismissed without prejudice.

SO ORDERED.

Dated: June 16, 2014                      s/Mark A. Goldsmith
       Flint, Michigan                  MARK A. GOLDSMITH
                                            United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 16, 2014.

                                              s/Deborah J. Goltz
                                              DEBORAH J. GOLTZ
                                              Case Manager